UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Martha Mullen

    v.                                    Case No. 20-cv-473-SM

Edward J. Kissell et al.

**REPORT AND RECOMMENDATION**

Plaintiff Martha Mullen, appearing pro se, has sued her ex-husband, Edward J. Kissell, and several "teacher witnesses" seeking relief for alleged transgressions related to her divorce from Mr. Kissell and the schooling of her minor children. See Complaint (Doc. No. 1) and Mot. for Additional Information (Doc. No. 4).[1]  The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).  For the reasons that follow, the district judge should dismiss this lawsuit.

---

[1] This is plaintiff's third suit in this court against Kissell seeking relief from rulings or enforcement of orders from their divorce case.  The prior cases were dismissed for failure to state a federal claim for which relief may be granted.  See Mullen v. Kissell, No. 20-cv-347-PB ("Mullen II") (D.N.H. Apr. 13, 2020) (ECF No. 7), approving Report and recommendation (D.N.H. Mar. 26, 2020) (ECF No. 2); Mullen v. Kissell, No. 19-cv-1292-SM ("Mullen I") (D.N.H. Feb. 19, 2020) (ECF No. 20), approving Report and Recommendation (D.N.H. Jan. 14, 2020) (ECF No. 14).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Mullen's, which are filed in forma pauperis. See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Discussion**

Plaintiff's complaint is disorganized and the nature of her claims is not clear.  The two-page complaint form is accompanied by more than ninety pages of documents that appear to have been part of plaintiff's New Hampshire divorce case.  In her motion for additional information (Doc. No. 4), which the court

2

construes as a supplement to her complaint, plaintiff requests immediate custody of her children and ownership of the marital home.[2]  But as this court previously found, New Hampshire "law is well settled that jurisdiction in divorce proceedings is a continuing one with respect to all subsequent proceedings which arise out of the original cause of action."  Daine v. Daine, 951 A.2d 133, 135 (N.H. 2008) (citing Stritch v. Stritch, 213 A.2d 426, 429 (N.H. 1965) (quotation omitted)).  After granting a divorce, the court retains jurisdiction to "revise and modify any order made by it, . . . make such new orders as may be necessary, and . . . award costs as justice may require[.]" N.H. Rev. Stat. Ann. § 458:14.  See Mullen II, Report and Recommendation (Doc. No. 2) at 4 n.2.  Accordingly, the district judge should dismiss the claim against defendant Edward Kissell for lack of subject matter jurisdiction, without prejudice to plaintiff's ability to seek relief in state court.

The complaint also indicates that plaintiff is pursuing an "inquiry into the Concord School district's improper use" of certain federal funding.  But neither complaint nor any of the attachments provide any factual support for such a claim.  The

---

[2]This motion is apparently a copy of one filed in plaintiff's New Hampshire state court divorce proceedings, with references to the state court crossed out.  Nearly all the attachments to the complaint are styled in the same manner.

3

district judge should therefore dismiss this claim for failure to state a claim for which relief can be granted.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint as to defendant Edward J. Kissell for lack of subject matter jurisdiction, without prejudice to the plaintiff's ability to assert her claims in a state court of competent jurisdiction.  The remaining claims should be dismissed for failure to state a claim for which relief can be granted. Objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

June 29, 2020

cc:  Martha Mullen, pro se